UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

BOBBI HAMMOND,

    Plaintiff,

v.

BILLING TRANSPORT LTD.
and
AMRITPAL SINGH

    Defendants.

Case No.: 4:23-cv-00129

## NOTICE OF REMOVAL

NOW COME Defendants BILLING TRANSPORT LTD. ("BILLING TRANSPORT") and AMRITPAL SINGH ("SINGH") (collectively, the "Defendants"), by and through their counsel, Renee J. Mortimer and Corban J. Cavanaugh of LEWIS BRISBOIS BISGAARD & SMITH LLP, and hereby file this Notice of Removal pursuant to 28 U.S.C.S. § 1446, and invoke this Court's jurisdiction under the provisions of 28 U.S.C.S. § 1332 and 28 U.S.C.S. § 1441(b). In support of said removal, Defendants state as follows:

1. On January 13, 2023, Plaintiff BOBBI HAMMOND, filed a Complaint for Damages against Defendants in the Harrison County Circuit Court, Harrison County, Indiana, in a matter styled *Bobbi Hammond v. Billings Transport Ltd. and Amritpal Singh*, under cause number 31C01-2301-CT-000002 (the "State Court Action"). *See generally* Exhibit B., Plaintiff's Complaint for Damages.

2. Plaintiff's cause of action described in her Complaint for Damages sounds in negligence. *See generally Id*. Specifically, Plaintiff alleges that she sustained "serious bodily injuries" on January 17, 2021, as a result of a motor vehicle accident that took place on State Road 35, in Harrison County, Indiana. Ex. B., ¶¶5-7.

3. On January 23, 2023, BILLING TRANSPORT, by way of USPS Certified Mail, was served with a copy of Plaintiff's Summons and Complaint for Damages. Exhibit C., Plaintiff's Summons and Certificate of Trial Rule 4 Service. Thereafter, on May 18, 2023, BILLING TRANSPORT filed its Answer to Plaintiff's Complaint for Damages, Affirmative Defenses, and Jury Demand. Exhibit D., Billing Transport's Answer to Plaintiff's Complaint, Affirmative Defenses, and Jury Demand.

4. On July 11, 2023, undersigned counsel, pursuant to authorized appointment, accepted formal service of process on behalf of SINGH. *See* Exhibit E., Acceptance of Service Correspondence 07-11-23.

5. 28 U.S.C.S. § 1446(b)(1), provides that a notice of removal shall be filed within thirty (30) days after the defendant receives a copy of the plaintiff's initial pleading. Moreover, pursuant to 28 U.S.C.S. § 1446(b)(1)(C), if defendants are served at different times, the later-served defendant is entitled 30 days to remove the case to the district court, so long as the earlier-served defendant consents to the removal. As previously stated, Plaintiff commended this lawsuit against Defendants on January 13, 2023. BILLING TRANSPORT was served the Complaint for Damages on January 23, 2023. SINGH was served the Complaint for Damages on July 11, 2023. Both Defendants have consented to the removal of this action. As such, Defendants Notice of Removal is timely filed under 28 U.S.C.S. § 1446(b), as the time by which removal must be effectuated is August 10, 2023, and this Notice of Removal has been filed in advance of that date.

6. The District Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C.S. § 1332, because the parties are citizens of different states, and the amount in controversy exceeds the sum or value of $75,000. Moreover, because this cause of action meets the statutory criteria, Defendants are permitted to remove this case pursuant to 28 U.S.C.S. § 1441.

7. Plaintiff is now, and was at the time of the commencement of the State Court Action, a citizen of the state of Kentucky, as she is, and was, domiciled in the state of Kentucky as a resident of that state, with an intent to remain there indefinitely. *See Page v. Democratic Nat'l Comm.*, 2021 U.S. App. LEXIS 18407, at *7 (7th Cir. June 21, 2021) (citations omitted) (individuals are deemed to be a "[c]itizen of the state in which they reside or—to be more precise—are domiciled.").

8. SINGH is now, and was at the time of the commencement of the State Court Action, a citizen of Ontario, Canada, as he is, and was, domiciled in the Canadian province of Ontario as a resident of that province, with an intent to remain there indefinitely. Thus, pursuant to federal precedent, SINGH is now, and was at the time of the commencement of the State Court Action, a citizen of Canada.

9. Under 28 U.S.C.S. § 1332(c)(1), a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. BILLING TRANSPORT is now, and was at the time of the commencement of the State Court Action, a Canadian corporation with its principle place of business located in Brampton, Ontario, Canada. *See* Exhibit F., Billing Transport's Ontario Business Registry Report. Thus, pursuant to 28 U.S.C.S. § 1332(c), BILLING TRANSPORT is now, and was at the time of the commencement of the State Court Action, a citizen of Canada.

10. Plaintiff, as a result of Defendants' alleged negligence, claims that she "sustained severe bodily injury; has incurred and will continue to incur medical bills and expenses; has suffered and will continue to suffer pain, suffering mental anguish and inconvenience; has incurred lost wages and will continue to lose wages; has suffered loss to property and Plaintiff's power to labor and earn money has been permanently impaired." Ex. B., ¶11. Moreover, undersigned

counsel has been advised that Plaintiff has had multiple surgical interventions for the injuries that she claims to be related to the alleged accident. Therefore, there is a reasonable probability that the amount in controversy exceeds the sum or value of $75,000, thus satisfying the amount in controversy requirement. *See Copak v. State Farm Mut. Auto. Ins. Co.*, 2013 U.S. Dist. LEXIS 15801 (N.D. Ind. 2013) (holding that where the amount in controversy is plausible based on the pleadings and the evidence, removal is proper).

11. As a result of the foregoing, diversity of citizenship and the jurisdictional minimum amount have been satisfied. Therefore, pursuant to 28 U.S.C.S. § 1332, this Court has jurisdiction over this matter.

12. Defendants, pursuant to 28 U.S.C.S. § 1446(d), have filed written notice of this Notice of Removal with the Clerk of the Harrison County Circuit Court, Indiana, concurrently with the filing of this Notice, and has served the same on Plaintiff.

13. Defendants, pursuant to 28 U.S.C.S. § 1446 (a), and S.D. Ind. L.R. 81-2, have attached to this Notice of Removal a copy of the state court docket sheet, all pleadings, motions, orders, and all other filings, organized in chronological order by the state court filing date. Exhibit A., Indiana State Court Action Record.

14. Because Defendants have adequately set forth the requirements of 28 U.S.C.S. § 1332, § 1441, and § 1446, this Court may exercise its original jurisdiction and accept Defendants' removal of the State Court Action.

15. In the event Plaintiff moves for remand, or this Court considers remand *sua sponte*, Defendants respectfully requests the opportunity to submit supplemental authority, evidence, and argument in support removal, as may be appropriate.

Wherefore, Defendants, BILLING TRANSPORT LTD. and AMRITPAL SINGH, hereby remove this action from the Madison County Circuit Court, State of Indiana, and prays that this action proceeds in the United State District Court of the Southern District of Indiana, New Albany Division.

Respectfully submitted,
LEWIS BRISBOIS BISGAARD & SMITH LLP

By: *s/ Corban J. Cavanaugh*
Renee J. Mortimer (20724-45)
Renee.Mortimer@lewisbrisbois.com
Corban J. Cavanaugh (35183-46)
Corban.Cavanaugh@lewisbrisbois.com
2211 Main Street, Suite 3-2A
Highland, IN 46322
Renee J. Mortimer Direct: 219.440.0604
Corban J. Cavanaugh Direct: 219.440.0621
T: 219.440.0600/F: 219.440.0601
**Attorneys for Defendants**